## AARON HAMMOND *vs.* GRAHAM A. ROOT.

If a deputy sheriff, who, on receiving a writ for service, has been authorized by the plaintiff to settle the suit by receiving an order on a particular person, receives the amount of the claim in money of the defendant, and does not pay it to the plaintiff, nor serve the writ, the sheriff is answerable for his default.

ACTION OF TORT against the sheriff of Berkshire County for the neglect of his deputy to serve and make return of a writ in favor of the plaintiff against John Buckley. At the trial in the superior court, the parties waived a trial by jury, and it was proved that the plaintiff gave that writ to the defendant's deputy for service, with directions " to make nominal service on Buckley, and if he wished. to settle and proposed to give an order on R. C. Brown for the amount of the debt sued for, he might take it;" that the deputy called upon Buckley, who offered to settle the claim by paying the amount in cash, which the deputy took, together with the amount due for costs and his own fees and services, never paid any part thereof to the plaintiff, and did nothing further with the writ.

Upon this evidence, *Putnam,* J. found, against the objection of the plaintiff that there was no evidence to warrant such a conclusion, " that the authority given to the deputy was an implied authority to take cash in settlement of the writ, and as a necessary inference an authority to dispense with the return of the writ if the defendant should so settle, and that no service of the writ having been made upon the defendant named therein, there was nothing to return," and this action could not be maintained. The plaintiff alleged exceptions.

*H. S. Briggs,* for the plaintiff.

*A. J. Waterman,* for the defendant.

METCALF, J. The judge having found what were the exact directions given to the deputy sheriff, to whom the plaintiff's writ against Buckley was delivered for service, it is a question of law, and not of fact, whether those directions authorized the deputy to receive money from Buckley in settlement of the suit, and omit to serve the writ; and we are of opinion that

they did not. They conferred only a limited and definite authority on the deputy, namely, to make nominal service of the writ, and if Buckley should wish to settle, and would give an order on R. C. Brown for the amount of the debt sued for, to take it.

When a deputy sheriff, who receives a writ for service, is authorized to settle the suit by receiving money, or in any other way, if he acts in a settlement, he acts, not in his official character, but as the special agent of the plaintiff; and the sheriff is not answerable for his wrongful or unauthorized acts as such agent. In the present case, the deputy was a special agent of the plaintiff, employed in a single matter, with a circumscribed authority, and could bind the plaintiff only by acts in strict pursuance of that authority. Paley on Agency, (4th Amer. ed.) 601 *& seq.* 2 Kent Com. (6th ed.) 620. A principal may be willing to empower a special agent, with whom he would not entrust money, to receive for him an order on a third person for money. This plaintiff, by his attorney, authorized the deputy sheriff to take an order on Brown, and did not authorize him to take anything else. The deputy is in default by omitting to serve the writ on Buckley. *Exceptions sustained.*